1  **BURSOR & FISHER, P.A.**
2  L. Timothy Fisher (State Bar No. 191626)
   Stefan Bogdanovich (State Bar No. 324525)
3  1990 North California Blvd., Suite 940
   Walnut Creek, CA 94596
4  Telephone: (925) 300-4455
5  Facsimile: (925) 407-2700
   E-Mail: ltfisher@bursor.com
6           sbogdanovich@bursor.com

7  **BURSOR & FISHER, P.A.**
8  Philip L. Fraietta (*pro hac vice* forthcoming)
   888 Seventh Avenue
9  New York, NY 10019
   Telephone: (212) 989-9113
10 Facsimile: (212) 989-9163
   E-Mail: pfraietta@bursor.com

11 **EDELSON PC**
12 J. Eli Wade-Scott (*pro hac vice* forthcoming)
   Michael Ovca (*pro hac vice* forthcoming)
13 50 North LaSalle Street, 14th Floor
   Chicago, Illinois 60654
14 Telephone: (312) 589-6370
15 Facsimile: (312) 589-6378
   Email: jwadescott@edelson.com
16         movca@edelson.com

17 *Attorneys for Plaintiff*

18
19                    **UNITED STATES DISTRICT COURT**
20            **CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION**

| | |
|---|---|
| 21  KYLAND YOUNG, individually and on behalf of all others similarly situated, | Case No. |
| 22 | |
| 23          Plaintiff, | **CLASS ACTION COMPLAINT** |
| 24     v. | |
| 25  NEOCORTEXT, INC., | **JURY TRIAL DEMANDED** |
| 26          Defendant. | |

27
28

Plaintiff Kyland Young brings this action against Defendant NeoCortext, Inc. ("NeoCortext") for commercially exploiting his and thousands of other actors, musicians, athletes, celebrities, and other well-known individuals' names, voices, photographs, or likenesses to sell paid subscriptions to its smartphone application, *Reface,* without their permission.  *Reface* is a deep-fake software that allows users to swap their faces with individuals they admire or desire in scenes from popular shows, movies, and other viral short-form internet media.

The *Reface* application has a free version that generates watermarked "teaser" face swaps.  The purpose of these teaser face swaps is to induce users to remove the watermarks by signing up for *Reface*'s PRO subscription and paying a fee of $5.99 per week or $36.99 for life.  California law recognizes an individual's right of publicity, and prohibits companies from commercially using another person's name, voice, photograph, or likeness without that person's consent.  NeoCortext violated this law by never asking Mr. Young or others similarly situated for their consent to commercially exploit attributes of their identities in these teaser face swaps or the paid PRO version of the *Reface* application.

## **NATURE OF ACTION**

1. NeoCortext is the developer of the *Reface* smartphone application, a deep-fake software that uses an artificial intelligence algorithm to allow users to swap faces with actors, musicians, athletes, celebrities, and/or other well-known individuals in images and videos.  To promote and market its *Reface* application and PRO subscriptions to the *Reface* application, NeoCortext tells a prospective customer that he or she can "[p]aste your face onto your favorite superhero, TV star, celebrity, or meme gif."[1]

---

[1] Apple App Store, *Reface: Face Swap Videos App*, available at https://apps.apple.com/us/app/reface-face-swap-videos/id1488782587 (last accessed, Mar. 16, 2023); *see also* Google Play Store, *Reface: Funny face swap videos*,

CLASS ACTION COMPLAINT                                                                          1

2. Once a person downloads the *Reface* application, he or she can access the free version of the application ("Free Version") and thereby becomes a "Free User." The Free Version grants the Free User access to the *Reface* library of movie and show clips and images ("Pre-sets catalogue"). The Free User can then upload to *Reface* an image or video from his or her smartphone that contains humanoid faces. If the person clicks "Swap Face", the *Reface* application scans the uploaded image or video for faces. After identifying the uploaded faces, the Free Version of *Reface* generates a new watermarked image or video where the individual depicted in the Pre-sets catalogue has his or her face swapped with the uploaded face. The watermarked image or video (the "Teaser Face Swap") prominently displays the *Reface* application's logo and states "made with reface app." To remove the watermark from the Teaser Face Swap, the Free User can sign up for a PRO subscription for $5.99 a week or $36.99 for a lifetime. The Free User thereby becomes a "PRO User" of the "Pro Version" of the application, and the *Reface* application will create unwatermarked images and videos.

3. In Defendant's own words, the application allows users to "Become Anyone You Wished to Be" – for a fee. *See* Figure 1, *infra*. Paying PRO Users can become Plaintiff Kyland Young, the finalist of season 23 of CBS's *Big Brother*, and recreate *his* scenes from the television show. Yet even though Defendant profits off Mr. Young and other class members' identities, it neither sought nor obtained Mr. Young or other class members' consent to do so. And it certainly never paid Mr. Young or other class members a dime in royalties. Defendant's actions thus violate Mr. Young and other class members' right of publicity.

4. This case *is not* about the legality of deep-fake technology or the creative ways *Reface* application users choose to use the Defendant's technology. This case *is*

---

available at https://play.google.com/store/apps/details?id=video.reface.app&gl=US&pli=1 (last accessed, Mar. 16, 2023).

about a company exploiting well-known Californians' names, voices, photographs, and likenesses **to pitch its product for profit**.  The *Reface* application's Teaser Face Swaps are essentially ads intended to entice users to buy PRO subscriptions, and the paid PRO version of the application makes money by including Californians in its library of content.   As several high courts have explained, preventing the "merchandising [of] a celebrity's image without that person's consent [lies at] the core of the right of publicity."  *Paris Hilton v. Hallmark Cards*, 599 F.3d 894, 910 (9th Cir. 2010).  "The rationale for (protecting the right of publicity) is the straightforward one of preventing unjust enrichment by the theft of good will.  No social purpose is served by having the defendant get free some aspect of the plaintiff that would have market value and for which he would normally pay."  *Hugo Zacchini v. Scripps-Howard Broad. Co.*, 433 U.S. 562, 576 (1977) (quoting Kalven, *Privacy in Tort Law: Were Warren and Brandeis Wrong?*, 31 Law & Contemp. Prob. 326, 331 (1966)).

## THE PARTIES

5. Plaintiff Kyland Young is natural person residing in Los Angeles County, California.  He is a cast member of several CBS shows.  He was a finalist in season 23 of *Big Brother* and starred in *The Challenge: USA*.  He also operates an Instagram account, where he regularly posts his own original content to his hundred and thirty thousand followers.  Several images and videos depicting him in scenes from *Big Brother* appear in the *Reface* application.

6. Defendant NeoCortext is a corporation incorporated under the laws of Delaware, with its principal place of business in Kyiv, Ukraine.  The address for its agent for service of process is 651 N. Broad Street, Suite 201, Middletown, DE.  NeoCortext is the developer of the *Reface* application, which is available for download to smartphones through both the Google Play Store and the Apple App Store.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action under the diversity jurisdiction statute and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(a), 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there are more than 100 members of the Class, defined below, all of whom are citizens of California, a different state than Defendant, which is a citizen of Ukraine, where it maintains its principal place of business.

8. This Court has personal jurisdiction over NeoCortext because it conducts substantial business in this State related to the claims described herein, and purposefully directed its actions at residents of this State.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff Kyland Young resides in this District and a substantial part of the events giving rise to Plaintiff's claims arose in this District, given that a large number of other class members also reside in this District.

## COMMON FACTUAL ALLEGATIONS

### The California Right of Publicity

10. California law protects individuals from the unauthorized use of any of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, voices, or a substantially similar limitation of one or more of those attributes in the sale or advertisement of products, goods, merchandise, and services.

11. Although the right of publicity is recognized under California common law, the California legislature enacted a right of publicity statute, California Civil Code § 3344, to "establish[] a concrete remedy … with a minimum of $300 payment," (now raised to $750) meant to serve as "a simple, civil remedy for the injured individual." Assemblymember Vasconcellos, Letter to Gov. Reagan, Nov. 10, 1971 re: Assem. Bill No. 826 (1971 Reg. Sess.) pp. 1-2.

12. The California Right of Publicity statute states that, "[a]ny person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner … for purposes of advertising or selling, or soliciting purchases of … services, without such person's prior consent … shall be liable for any damages sustained by the person or persons injured as a result thereof." Cal. Civ. Code § 3344(a).

**The *Reface* Application**

13. Defendant NeoCortext developed the *Reface* application for a variety of smartphones. *Reface* is a deep-fake software that allows users to swap their faces with actors, musicians, athletes, celebrities, and other well-known individuals in scenes from popular shows, movies, and other short-form internet media.

14. Once a person downloads the *Reface* application, he or she obtains the Free Version of the application. The Free User can also pay to sign up for PRO subscription for $5.99 a week or $36.99 for a lifetime.

15. Both the Free and PRO Versions of the *Reface* application grant users access to the *Reface* Pre-sets catalogue. Defendant NeoCortext claims it compiled its Pre-sets catalogue from mybestgif.com, https://tenor.com/, Google Video, and Bing Video.

**NeoCortext Uses Mr. Young and Other Class Members' Identities to Promote Its Paid Subscription Service Through Teaser Face Swaps**

16. To promote and market its *Reface* application and PRO subscriptions to the *Reface* application, NeoCortext tells a prospective customer that he or she can "mix your face with a celebrity." When a Free User first downloads the *Reface* Application, he or she is prompted to a screen that states the Free User can "Become Anyone You Wished to Be."



**Figure 1**

17. The *Reface* application then prompts them to "Choose Who You'd Like to Become." In the background of these prompts is a video depicting a user swapping his face with several well-known real individuals and fictional characters, including Frida Kahlo's self-portrait, John Depp's Captain Jack Sparrow from the *Pirates of the Caribbean* film franchise, and Robert Downey Jr.'s *Iron Man*, to name a few. Screenshots of this video sequence are reproduced below:




    **Figure 2**        **Figure 3**        **Figure 4**        **Figure 5**

18. At the end of these prompts, a Free User can click "Continue," whereupon they receive access to the *Reface* Pre-sets catalogue. This catalogue is searchable and allows Users to search for specific individuals they would like to become. Several animated images of Mr. Young can be found using the *Reface* application's search bar.

19. After the Free User selects an image or video, the Free User can then upload to *Reface* an image or video from his or her smartphone which contains humanoid faces. If the person clicks "Swap Face", the *Reface* application then scans the uploaded image or video and identifies those faces. The Free Version of the *Reface* application then generates a new watermarked image or video where the individual depicted in the Pre-sets catalogue has one's face swapped with the face that was uploaded by the Free User. The watermarked image or video prominently displays the *Reface* application's logo and states "made with reface app." Figures 6 through 8, below, depict this sequence with Mr. Young.

  

          **Figure 6**          **Figure 7**          **Figure 8**

20. As shown in Figure 8, there is a grey button below the watermarked image with a crossed-out water symbol and the word "watermark" below that button. If a Free User clicks on this button, they are prompted to a payment screen, showing that the Free User can sign up for a PRO subscription for $5.99 a week or $36.99 for

a lifetime. The Free User thereby becomes a "PRO User" of the "Pro Version" of the application, and *Reface* will create face swapped images and videos, without watermarks.

21. These Teaser Face Swaps commercially exploit Mr. Young and other class members' identities to promote paid subscriptions to the *Reface* application in two distinct ways. First, the watermarks detract from the aesthetic value of the images and thus incentivize Free Users to pay to remove them. Second, even if the Free User does not pay for a subscription, the watermarks also serve as free advertising to attract new downloads of the *Reface* application. NeoCortext knows that the face swapped images it generates are shared by Free Users to "[f]reak out friends."[2]

22. What is more, the Pre-sets catalogue does not merely contain generic images or videos of Mr. Young or other class members. Instead, the Pre-sets catalogue contains images and videos often depicting individuals' physical bodies in the roles for which they are famous. For example, the *Reface* application does not only contain generic images of Frida Kahlo, Johnny Depp, or Robert Downey Jr. It also contains images and videos from their iconic artwork and their roles in *Pirates of the Caribbean* and *Iron Man* films, respectively. *See* Figures 3-5. In Mr. Young's case, the *Reface* applications allows users to swap their face on his body from scenes on CBS's *Big Brother*. *See* Figures 6 and 8. Additional examples of images depicting Mr. Young in his role on Big Brother used on the PRO version of the Reface application are reproduced on the next page, along with the corresponding face swap examples.

---

[2] Apple App Store, *Reface: Face Swap Videos App*, available at https://apps.apple.com/us/app/reface-face-swap-videos/id1488782587 (last accessed, Mar. 16, 2023).





**Figure 9**            **Figure 10**            **Figure 11**





**Figure 12**            **Figure 13**            **Figure 14**

CLASS ACTION COMPLAINT                                             9

**Facts Specific to Plaintiff Kyland Young**

23. Plaintiff Kyland Young discovered that NeoCortext was using his identity to solicit the purchase of paid subscriptions to the *Reface* application.

24. There are several animated images depicting Mr. Young on the *Reface* application, which Free and PRO Users can manipulate to become him.

25. Mr. Young never provided NeoCortext with his written consent (or consent of any kind) to use any attribute of his identity for commercial purposes, and certainly never authorized NeoCortext to use any attribute of his identity in the *Reface* Application or to promote any of its products or services.

26. NeoCortext never provided Mr. Young with compensation of any kind for its use of his name, photographs, or likeness in the *Reface* application or to promote PRO subscriptions to the *Reface* application.

27. Mr. Young is not and has never been a PRO User of the *Reface* application.

## CLASS ALLEGATIONS

28. Plaintiff Kyland Young brings this action on behalf of himself and the Class as defined below:

29. **California Right of Publicity Class**: All California residents whose name, voice, signature, photograph, or likeness was displayed on a *Reface* application Teaser Face Swap or the PRO Version of the *Reface* application on or after April 3, 2021.

30. Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) individuals who have consented to the *Reface* application's use of their name, voice, signature, photograph, or likeness; (3) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (4) persons who properly execute and file a

timely request for exclusion from the Classes; (5) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (6) Plaintiff's counsel and Defendant's counsel; (7) individuals who subscribed to the PRO Version of the *Reface* application; and (8) the legal representatives, successors, and assigns of any such excluded persons.

31. **Numerosity**: The exact numbers of members of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Members of the Classes can be identified through NeoCortext's records.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   I. Whether NeoCortext used Plaintiff's and Class members' names for a commercial purpose;
   II. Whether Plaintiff and Class members provided their written consent to NeoCortext to use their name, voice, signature, photograph, or likeness in the *Reface* application;
   III. Whether the conduct described herein constitutes a violation of California's right of publicity statute;
   IV. Whether Plaintiff and the members of the Class are entitled to injunctive relief.

33. **Typicality**: Plaintiff's claims are typical of the claims of other members of their Classes, in that Plaintiff and the Class members sustained damages arising out of NeoCortext's uniformly wrongful conduct.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and NeoCortext has no defense unique to Plaintiff.

35. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because NeoCortext acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the California Right of Publicity Class and making final injunctive relief appropriate with respect to the California Right of Publicity Class as a whole. Defendant's policies challenged herein apply and affect members of the California Right of Publicity Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the California Right of Publicity Class as a whole, not on facts or law applicable only to Plaintiff. Plaintiff and the members of the California Right of Publicity Class have suffered harm and are entitled to statutory damages as a result of Defendant's unlawful and wrongful conduct.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far

fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION

### Violation of the California Right of Publicity Statute

### Cal. Civ. Code § 3344

**(On behalf of Plaintiff and the California Right of Publicity Class)**

37. Mr. Young re-alleges and re-incorporates the allegations in all preceding paragraphs.

38. The California Right of Publicity Statute prohibits and provides statutory damages for the knowing misappropriation of an individual's name, voice, signature, photograph, or likeness in advertising or soliciting without the individual's prior consent. *See* Cal. Civ. Code § 3344(a).

39. NeoCortex sold and/or sells subscription-based access to the PRO Version of the *Reface* application. The application's Pre-sets catalogue contains the names, voices, signatures, photographs, and likenesses of Mr. Young and Class members.

40. As described above, to promote these subscriptions, NeoCortext used and/or uses Mr. Young and the members of the putative Class's name, voice, signature, photograph, or likeness on its Teaser Face Swaps, which contain watermarks. The promise of obtaining these Face Swaps without watermarks through the PRO Version of the *Reface* application entices Free Users to pay for subscriptions. The sharing of these Teaser Face Swaps by Free Users with other individuals, who in turn, might also download the *Reface* application, also monetarily benefits NeoCortext. These Teaser Face Swaps thus constitute a commercial use under the California Right of Publicity Statute.

41. The Teaser Face Swap thus has a commercial purpose in that it promotes the Defendant's application and encourages potential customers to purchase paid PRO subscriptions to the *Reface* application.

42. Additionally, the use of Plaintiff and Class Members' name, voice, signature, photograph, or likeness on the *Reface* application in the PRO Version of the application constitutes commercial use and purpose because it depicts the individuals and their physical bodies in the roles in which they gained their fame.

43. Mr. Young and Class members never provided Defendant with their consent to use any attribute of their identities in advertisements for Defendant's paid subscriptions or in Defendant's paid product. NeoCortext deprived Mr. Young and Class members of control over whether and how their names can be used for commercial purposes.

44. By using their identities in advertisements to sell its services, NeoCortext derived economic value from Mr. Young and Class members' identities and, in turn, deprived Mr. Young and Class members of such value. NeoCortext did not compensate Plaintiff and Class members (in the form of a royalty or otherwise) for its use of their identities. This conduct resulted in economic injury to Plaintiff and the members of the Class.

45. Based on NeoCortext's violation of the California Right of Publicity Statute, Plaintiff and the members of the Class are entitled to (1) an injunction requiring NeoCortext to cease using their name, voice, signature, photograph, or likeness in the *Reface* application or to promote the *Reface* application, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff and the members of the Class's name, voice, signature, photograph, or likeness) or statutory damages of $750 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under Cal. Civ. Code § 3344(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays that the Court enter an Order:

A. Certifying this case as a class action as defined above, appointing Plaintiff Kyland Young as representative of the Class, and appointing his attorneys as Class Counsel;

B. Enjoining NeoCortext from using Class members' names, voices, signatures, photographs, or likenesses for commercial purposes;

C. Declaring NeoCortext's actions described herein to be a violation of the California Right of Publicity Statute;

D. Awarding the greater of actual damages or $750 per violation to each member of the California Right of Publicity Class;

F. Awarding Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

G. Awarding Plaintiff and the Classes pre- and post-judgment interest; and

H. Granting any such further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff Kyland Young, individually and on behalf of the Classes, hereby exercises his right under the Seventh Amendment of the United States Constitution and demands a trial by jury for all triable issues alleged in this Complaint.


Dated: April 3, 2023					Respectfully submitted,

					**BURSOR & FISHER, P.A.**

					By:	*/s/ Stefan Bogdanovich*
						Stefan Bogdanovich

					L. Timothy Fisher (State Bar No. 191626)
					Stefan Bogdanovich (State Bar No. 324525)
					1990 North California Blvd., Suite 940
					Walnut Creek, CA  94596

CLASS ACTION COMPLAINT					15

Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
  sbogdanovich@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com

**EDELSON PC**
J. Eli Wade-Scott (*pro hac vice* forthcoming)
Michael Ovca (*pro hac vice* forthcoming)
50 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
Email: jwadescott@edelson.com
  movca@edelson.com

*Attorneys for Plaintiff*