**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KYLAND YOUNG, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff-Appellee,<br><br>　v.<br><br>NEOCORTEXT, INC.,<br><br>　　　　　Defendant-Appellant. | No.　23-55772<br><br>D.C. No.<br>2:23-cv-02496-WLH-PVC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Wesley L. Hsu, District Judge, Presiding

Argued and Submitted November 6, 2024
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.
Concurrence by Judge DESAI.

　　Defendant-Appellant NeoCortext, Inc., ("NeoCortext") appeals the district court's denial of its motion to strike pursuant to California Civil Procedure Code § 425.16, commonly known as California's anti-SLAPP statute. We have

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

In this putative class action, Plaintiff-Appellee Kyland Young ("Young") alleges that NeoCortext violated California Civil Code § 3344 by using his likeness to promote Reface, a smartphone application (the "app") that is created and distributed by NeoCortext. Reface allows users to swap their faces for those of celebrities in images and videos from shows, movies, and other short-form internet media. NeoCortext offers a free version of Reface, which places a watermark stating "made with reface app" on any resulting clip or image. To remove the watermark, a user must purchase a paid subscription to the app. Young alleges that NeoCortext misappropriated his likeness by using it in the watermarked clips to advertise paid subscriptions to Reface.

We review the denial of an anti-SLAPP motion de novo. *Batis*, 106 F.4th at 935. We proceed in two steps: at step one, the defendant must make a threshold showing that the cause of action is based on an act or acts taken in furtherance of the defendant's right of petition or free speech; at step two, we apply the Federal Rule of Civil Procedure 12(b)(6) standard to determine whether the plaintiff has demonstrated a probability of prevailing on the merits. *See Hilton v. Hallmark*

---

[1] Young contends that we lack jurisdiction to review a denial of an anti-SLAPP motion and that the anti-SLAPP statute does not apply in federal court. As a three-judge panel, we are bound by our precedent to the contrary. *See Batis v. Dun & Bradstreet Holdings, Inc.*, 106 F.4th 932, 935 n.1 (9th Cir. 2024); *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141 (9th Cir. 2022).

2

*Cards*, 599 F.3d 894, 903 (9th Cir. 2010); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018). We assume without deciding that NeoCortext met its burden at step one of the anti-SLAPP analysis and affirm the district court at step two of the analysis. *See Serova v. Sony Music Ent.*, 13 Cal. 5th 859, 872 (2022).

1. The district court correctly held that Young plausibly alleged that NeoCortext "knowingly use[d]" his name or likeness. Cal. Civ. Code § 3344(a). Even assuming that § 3344(a) requires a defendant to affirmatively know that it is using a specific plaintiff's likeness, Young's allegations that NeoCortext made its database of clips searchable for specific individuals and that videos and images of him were in the database support a reasonable inference that NeoCortext knew it was using Young's likeness.

2. The district court also correctly concluded that Section 301 of the Copyright Act does not preempt Young's statutory right of publicity claim. In addressing a copyright preemption argument, we first ask whether the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103; if it does, we determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106. *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017).

We agree with the district court that Young's state law claim does not fall

within the subject matter of the Copyright Act. Young's claim concerns his name and likeness, "not a work of authorship." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001). Young plausibly alleges that the use of the watermark on manipulated clips or images operates as an advertisement for the paid subscription of Reface. *See Maloney*, 853 F.3d at 1016 (holding that "a publicity-right claim is not preempted [by Section 301 of the Copyright Act] when it targets non-consensual *use* of one's name or likeness on merchandise or in advertising"). Because Young seeks to "vindicate misuse of [his] likeness, as opposed to merely interfering with the distribution, display, or performance of a copyrighted work," his right of publicity claim does not assert rights within the scope of the Copyright Act. *Id.* at 1012–13; *see also id*. at 1019; *Downing*, 265 F.3d at 1003–04.

      3.     The district court also correctly concluded that NeoCortext failed to establish California's transformative use defense as a matter of law. This defense turns on "whether the celebrity likeness is one of the 'raw materials' from which an original work is synthesized, or whether the depiction or imitation of the celebrity is the very sum and substance of the work in question." *Comedy III Prods., Inc. v. Gary Saderup, Inc.*, 25 Cal. 4th 387, 406 (2001). NeoCortext "is only entitled to the defense as a matter of law if no trier of fact could reasonably conclude that the [resulting clips or images were] not transformative." *Hilton*, 599

F.3d at 910.

A trier of fact could reasonably conclude that NeoCortext's use of Young's likeness was not sufficiently transformative given Young's allegation that the resulting clips and images feature Young in the roles for which he is known. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 724 F.3d 1268, 1276 (9th Cir. 2013) (holding that the defendant failed to establish the transformative use defense as a matter of law, where the plaintiff alleged that the defendant replicated his physical characteristics in a video game and portrayed the resulting character in the same activity for which the plaintiff was known in real life).[2]

**AFFIRMED.**

---

[2] We decline to exercise our discretion to address NeoCortext's newly raised First Amendment defense. *See In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). NeoCortext did not sufficiently raise this argument before the district court through its assertion of the transformative use defense under California law. *See Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). Although the transformative use defense is rooted in First Amendment concerns, it is a separate defense and a distinct analysis from a traditional First Amendment defense. *See Sarver v. Chartier*, 813 F.3d 891, 904 n.6, 905 (9th Cir. 2016).

FILED

DEC 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Kyland Young v. NeoCortext, Inc.*, 23-55772.

DESAI, Circuit Judge, concurring:

I would not have reached the merits of NeoCortext's anti-SLAPP motion to strike because the district court's denial of the motion is not a collateral order, and therefore this court lacks jurisdiction to consider the anti-SLAPP motion on interlocutory appeal. However, binding precedent says otherwise. *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003). Because our decision today faithfully applies that precedent, I must concur in the disposition. Nonetheless, I write separately to reiterate the need for our court to reconsider its decision in *Batzel*. *See Martinez v. ZoomInfo Techs., Inc.*, 82 F.4th 785, 796–97 (Desai, J., joined by McKeown, J., concurring), *vacated*, 90 F.4th 1042 (9th Cir. 2024).

As several of my colleagues have stressed time and again,[1] the denial of an anti-SLAPP motion to strike neither resolves "an important issue completely separate from the merits of the action" nor is an order "effectively unreviewable on appeal from final judgment." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (cleaned up). Yet despite the incongruity between the collateral order doctrine and the denial of

---

[1] *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 835–38 (9th Cir. 2018) (Gould, J., joined by Murguia, J., concurring), *amended*, 897 F.3d 1224 (9th Cir. 2018); *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1182–86 (9th Cir. 2016) (Kozinski and Gould, JJ., concurring); *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1190–92 (9th Cir. 2013) (Watford, J., joined by Kozinski, Paez, & Bea, JJ., dissenting from denial of rehearing en banc).

anti-SLAPP motions, we persist in entertaining the latter on interlocutory appeal. What is more, at least two of our sister circuits that have considered this very issue come out the other way, holding that anti-SLAPP motions are not properly subject to the collateral order doctrine. *See, e.g.*, *Ernst v. Carrigan*, 814 F.3d 116, 119 (2d Cir. 2016); *Coomer v. Make Your Life Epic LLC*, 98 F.4th 1320, 1323 (10th Cir. 2024). *Cf. Intercon Sols., Inc. v. Basel Action Network*, 791 F.3d 729, 731 (7th Cir. 2015) (noting, in dicta, that defendant's anti-SLAPP motion to strike is "far from being 'collateral' to the merits").

The final judgment rule exists for a reason: "Permitting piecemeal, prejudgment appeals . . . undermines efficient judicial administration." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (cleaned up). Indeed, the Supreme Court has warned that the collateral order doctrine must "never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (cleaned up). But our court has failed to heed the warning.

Because anti-SLAPP motions necessarily require us to consider the merits of an action, permitting immediate appeals of denials of anti-SLAPP motions to strike gives proponents of the motions two bites at the apple: one appeal amid litigation, and one again at final judgment. And as proponents of these motions enjoy a detour to the Ninth Circuit, *Travelers*, 831 F.3d at 1185 (Kozinski, J., joined by Gould, J.,

2

concurring), we are saddled with sifting through anti-SLAPP appeals while cases are stalled for months or even years pending disposition.

    It is time to reverse *Batzel* and correct our precedent: denials of anti-SLAPP motions to strike fail to fit within the contours of the collateral order doctrine, and thus are not appropriate interlocutory appeals.